### Circuit Court of Cuyahoga County.

STATE OF OHIO, EX REL CHARLES M. McCLAIN, v. THE COUNTY COMMISSIONERS OF COSHOCTON COUNTY, OHIO, ET AL.

#### Decided, July 19, 1909.

*County Commissioners' Right to Dismiss Appeal.*

County commissioners may dismiss the appeal of a case taken by them on appeal to the circuit court, notwithstanding the prosecuting attorney of the county is opposed to such dismissal.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This case was brought by a tax-payer. who first applied to the prosecuting attorney of the county to have it brought, who declined to bring it.

The relief sought is an injunction to prevent the defendants from issuing a series of bonds for the construction of a bridge across the Muskingum river and the Ohio canal in the county of Coshocton. The result of the trial in the court of common pleas was the granting of the injunction. Thereupon the defendants appealed the case to this court by proper proceedings. The case being called for trial here, this peculiar situation presents itself. Counsel for the plaintiff were ready to proceed with the case; the prosecuting attorney of the county and other attorneys

associated with him were ready to proceed with the case, and the case was fully heard in this court, but an attorney of this bar who has a right to appear as a friend of the court, if for no other purpose, brings to the attention of the court that on the — day of ——, 1909, the board of county commissioners adopted a resolution requesting that the appeal be dismissed. No formal motion is made by anybody in this court to dismiss the appeal. It is said in argument that there is no proper evidence before the court that the resolution spoken of was ever passed by the board of commissioners, but this is a mistake. It is true that an affidavit is filed showing the passage of the resolution, and it is further true that upon the hearing, all of the records of the board of commissioners, in reference to the construction of the bridge mentioned, were admitted in evidence, so that the court is not dependent upon the affidavit alone referred to, but has a record itself which shows the adoption of the resolution, and we are confronted with the question of whether, in view of this resolution, the court should dismiss the appeal.

It is conceded that if the board represented only itself, were acting for itself alone, the appeal should be dismissed, or in any event that the court would be authorized to dismiss the appeal. The circuit court of the eighth circuit on the 16th day of December, 1907, held in the case of *Albert Menjou* v. *Local No. 106, Hotel & Restaurant Employes,* that a party who had appealed might dismiss his appeal where the rights of others were not thereby prejudiced, and as has already been said, no serious objection has been made against that proposition.

But, it is said, that the board of commissioners acting in a representative capacity, and only as trustees of the public, to permit them to dismiss this appeal, in view of the fact which is shown in the evidence of the case that at an election at which the question of the construction of the bridge, to pay for which the bonds were to have been issued received a majority of votes in favor of the construction of the bridge, would be violating their trust and sacrificing the rights of the public, who had voted as above indicated. If the board of commissioners are to be considered as trustees in the sense that they have no other interest

in the case and no other rights in the case than a guardian would have in a suit brought on behalf of his ward or an ordinary trustee on behalf of his *cestui que trust,* this proposition would be sound.

Authorities cited by counsel opposing the dismissal of this appeal support the proposition. These authorities are largely found in Vol. 6, page 853, of the Encyclopedia of Pleading and Practice. The text supported by these authorities reads:

"A trustee or nominal plaintiff can not voluntarily terminate his cause without the consent of the real party in interest; and where he dismisses without or against the consent of his *cestui que trust,* the case will be reinstated on motion or by mandamus."

Among the authorities cited in support of this text is the case of *Thomas* v. *Thomas,* 3 Litt. (Ky.), 9, where this language is used:

"There may be cases where it might be improper to permit those in whose names a suit is prosecuted to dismiss it; as for example, where the suit is brought for the benefit of another, and the person claiming the beneficial interest is proved to have the equitable right, in the exercise of its discretionary powers over litigants, permit the nominal plaintiff to defeat a recovery."

We are of opinion that the board of county commissioners is such a party to this case as that it may do what a natural person could for himself do in the matter of dismissing an action, or dismissing an appeal.

By Section 845 of the Revised Statutes of Ohio, it is provided that:

"The board of county commissioners shall be capable of suing and being sued, pleading and being impleaded in any court of judicature, and of bringing, maintaining, and defending all suits, either in law or in equity, involving an injury to any public, state or county road, bridge or ditch," etc.

If the board may bring suits it must bring such suits, when in the exercise of its discretion it deems it best for the county that the suit should be brought, so too in the matter of the defending of any suits brought against the county, and this necessarily implies on the part of the board, authority to compromise and

adjust claims to settle suits, and to dismiss suits, when in the judgment of the board such should be pursued.  Certainly their authority in this matter can not be less than the authority of the officers of a business corporation.  Such officers are, in a sense, trustees for the stockholders of the corporation, but it has never been doubted, that acting in good faith, such officers might dismiss the suits brought by them for and on behalf of their corporation, and this because the corporation can only act through its proper officers, and in a matter of litigation the board of county commissioners constitutes such officers.

In the case of *State* v. *Moriarity*, 20 Ia., 595, it is held that an appeal taken by the state may be dismissed by the state, as any other party may dismiss his appeal, unless it appear that the appellee will be prejudiced.

Here there is no complaint by the appellee that he will be prejudiced by the dismissal of the appeal, and we have the extraordinary situation of both appellant and appellee being content that the appeal should be dismissed and the case stand upon the judgment appealed from, and somebody else, not representing the public, objecting to such dismissal.

It is true that the prosecuting attorney for the county is made by law the legal advisor of the board of county commissioners, and it is made his duty to prosecute and defend suits for the county, and certain suits may be brought by him on his own initiative, but generally his action, so far as prosecuting and defending suits is concerned is directed by the commissoners.  It is certainly no part of his duty to direct the commissioners as to the policy to be pursued by them in any business transaction.  It is his duty to advise them of what their legal rights and duties are as a board of commissioners; having done this, it is for the commissioners to determine the policy they will pursue in the matter of bringing or defending actions or settling actions already brought.

We reach the conclusion that nobody's rights will be prejudiced by dismissing this appeal pursuant to the resolution of the commissioners requesting that it be dismissed, and an order will be entered accordingly.